K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220
Susan E. Hollander (SBN 133473)
*susan.hollander@klgates.com*
Sharoni S. Finkelstein (SBN 271829)
*sharoni.finkelstein@klgates.com*

K&L GATES LLP
10100 Santa Monica Boulevard, 7th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001
Seth A. Gold (SBN 163220)
*seth.gold@klgates.com*

Attorneys for Plaintiff
GMYL, L.P.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMYL, L.P., a California limited partnership, | CASE NO. |
| Plaintiff, | COMPLAINT FOR: |
| vs. | (1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114) |
| PETER COPPOLA BEAUTY LLC, a Delaware limited liability company; PETER COPPOLA, an individual; and DOES 1 THROUGH 10, | (2) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)) |
| Defendants. | (3) FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c)) |
| | (4) STATE UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200) |
| | (5) COMMON LAW TRADEMARK INFRINGEMENT |
| | (6) COMMON LAW UNFAIR COMPETITION |
| | DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff GMYL, L.P. ("**Plaintiff**"), for its complaint against Defendants Peter Coppola Beauty LLC and Peter Coppola, an individual (collectively, "**Defendants**"), alleges the following:

## NATURE OF THE ACTION

1.      Since at least as early as 1979, Plaintiff and its predecessors in interest, affiliates, and licensees have continuously and pervasively used COPPOLA in connection with film production and distribution services.[1]  Since at least as early as 1990, Plaintiff has continuously and pervasively used COPPOLA on and in connection with premium wine, and thereafter for a broad variety of related goods including gourmet Italian food products, wine accessories, home décor, and personal products, and hotels and resorts where Plaintiff also provides and/or offers for sale a variety of luxury products including shampoos, conditioners, soaps, and lotions.  Collectively, Plaintiff's such use of COPPOLA alone and/or together with other elements is referred to herein as the "**COPPOLA Brand**."

2.      Plaintiff's COPPOLA Brand is famous.  The COPPOLA-brand wine, food products, and hotel and resort services have received numerous accolades over the years including Wine Enthusiast's Annual Wine Star Awards, Decanter World Wine Awards, and American Wine Awards, and have received unsolicited media attention including in such publications as *Forbes*, *The New York Times*, *Food & Wine*, *Wine Spectator*, *Luxury Travel Magazine*, *Eluxe Magazine*, and the *Los Angeles Times*.  Plaintiff sells its COPPOLA-brand products through multiple channels—including on its well-known website located at *www.francisfordcoppolawinery.com*, and in grocery stores, chain and independent restaurants, non-grocery retailers, and hospitality and service venues—displaying the COPPOLA Brand in a predominant manner.

3.      Plaintiff's widespread use of COPPOLA is supported by its numerous trademark registrations that consist of or incorporate COPPOLA.  Plaintiff's trademark registrations for COPPOLA are *prima facie* evidence of Plaintiff's exclusive rights to the marks.  As a result of the extensive national advertisement and promotion of Plaintiff's COPPOLA Brand in a wide variety of publications, unsolicited media attention, and sale of Plaintiff's COPPOLA-brand goods and services

---

[1] For purposes of this Complaint, all reference to Plaintiff's use of COPPOLA shall refer to use of COPPOLA by Plaintiff and its predecessors in interest, affiliates, and/or licensees.

through multiple channels, consumers nationwide have come to associate COPPOLA solely with Plaintiff and its lines of high-quality luxury products.  In short, the COPPOLA Brand is an asset of substantial value to Plaintiff and a symbol of Plaintiff's goodwill.

4.     Upon information and belief, Defendants have recently begun promoting and selling hair care products which feature COPPOLA as the brand name.  Defendants had previously used the brand name PETER COPPOLA, making equally prominent use of "PETER" and "COPPOLA" on their hair care products.  However, Defendants' recent use minimizes, and in some cases entirely omits, the use of "PETER" and instead prominently emphasizes "COPPOLA" as the stand-alone brand of their hair care products.  In April 2014, Defendant Peter Coppola Beauty LLC filed a United States Trademark Application for the stand-alone trademark COPPOLA (the "**Infringing COPPOLA Mark**") in connection with "hair care preparations" based on this new stand-alone use. Prior to this filing, Defendants had only filed and obtained a registration for PETER COPPOLA (U.S. Reg. No. 3,287,456).  On March 24, 2015, Plaintiff filed an opposition against the application for the Infringing COPPOLA Mark with the United States Trademark Trial and Appeal Board ("**TTAB**"). Defendants thereafter withdrew their application for the stand-alone COPPOLA mark, and judgment will be entered for Plaintiff.  However, Defendants continue to use the Infringing COPPOLA Mark. Given Defendants' predominant stand-alone use of COPPOLA, consumer confusion is inevitable, as is the dilution of the distinctive quality of Plaintiff's COPPOLA Brand, which is the common thread running through Plaintiff's COPPOLA Family of Marks, as defined more particularly in Paragraphs 15–22 herein.

5.     The Lanham Act prohibits confusing use of a trademark even where the trademark that Defendant is using is Defendant's surname.  Despite full knowledge of Plaintiff's rights in its COPPOLA Family of Marks and Plaintiff's repeated attempts to amicably resolve this matter prior to filing this action, Defendants continue to promote and advertise their hair care products under the Infringing COPPOLA Mark.  By this action, Plaintiff seeks, among other things, to prevent consumer confusion regarding the source of Defendants' goods and services, and to prevent the dilution of the distinctive quality of Plaintiff's COPPOLA Brand.

**THE PARTIES**

6.     Plaintiff is a limited partnership organized and existing under the laws of the State of California with a principal place of business located at 916 Kearny Street, San Francisco, California 94133.

7.     Defendant Peter Coppola ("**Peter Coppola**") is an individual and, on information and belief, a Member of Defendant Peter Coppola Beauty LLC.  On information and belief, Peter Coppola resides in Parkland, Florida.

8.     Defendant Peter Coppola Beauty LLC is ("**PCB**") is a limited liability company formed under the laws of the State of Delaware and, on information and belief, its principal place of business is located at 7000 West Camino Real, Suite 240, Boca Raton, Florida 33433.

9.     Plaintiff is currently unaware of the identities of defendants Does 1–10, and therefore sues such defendants by such fictitious pseudonyms.  On information and belief, discovery will reveal the true identities of those defendants and Plaintiff will then amend this Complaint to identify those defendants by name.

10.     On information and belief, there now exists, and at all relevant times herein there existed, a unity of interest and ownership between and among Defendants, such that any individuality and separateness between and among them has ceased to exist, and Defendants, and each of them, are the alter egos of each other.  On information and belief, at all material times herein, each defendant was the agent, employee, partner, or representative of every other defendant, and each has the authority to bind the others in transactions with third parties.  On information and belief, each defendant named herein committed acts and omissions leading to Plaintiff's damages, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and in so doing acted within the scope and course of their agency with every other defendant named herein and each of them authorized, directed, accepted, ratified, and approved of such actions.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

11.     Jurisdiction.  This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and contains related California statutory and common law claims.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as this is an action arising under

the laws of the United States and relating to trademarks. This Court has subject matter jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367, as those claims are part of the same case or controversy as the federal claims herein.

12. This Court has personal jurisdiction over Defendants because Peter Coppola and PCB have directed tortious acts at Plaintiff in this District, and have committed tortious acts that they knew or should have known would cause injury to Plaintiff in this District.

13. Defendants' contacts with this District are systematic and continuous. Defendants have offered and sold, and continue to offer and sell, products bearing the Infringing COPPOLA Mark in the Northern District of California. For example, among other things, Defendants' products bearing the Infringing COPPOLA Mark are offered for sale (i) at beauty supply retailers, drug stores, and department stores located in the Northern District of California, including in the County of San Francisco, (ii) on Defendants' website located at *www.petercoppola.com*, and (iii) through third-party online retail stores including eBay and Amazon.com. Defendants' products bearing the Infringing COPPOLA Mark are also offered for sale and sold to hair salons located in the Northern District of California, including in the County of San Francisco. In addition, Defendants widely advertise their products bearing the Infringing COPPOLA Marks through a variety of national forums, including for example YouTube, which is located in this District. On information and belief, consumers in this District have in fact purchased Defendants' hair care products bearing the Infringing COPPOLA Mark.

14. <u>Venue/Intradistrict Assignment</u>. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper pursuant to 28 U.S.C. § 1391(a) as a substantial portion of the activities giving rise to Plaintiff's claims occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this District, as set forth in Paragraphs 12 and 13 herein.

## FACTUAL BACKGROUND

A. **The COPPOLA Family of Marks**

15. The COPPOLA Family of Marks consists of numerous uses of COPPOLA as a brand for a wide variety of products. Since at least as early as 1990, Plaintiff has developed and

continuously used the COPPOLA Brand in connection with wines.  Since that time, Plaintiff has continued to expand its use of COPPOLA in connection with a wide variety of luxury products and services.  For example, Plaintiff has continuously and pervasively used the COPPOLA mark on or in connection with gourmet food products since at least as early as 1998, restaurant services since at least as early as 1999, retail store services and online retail store services in the fields of wines, wine accessories, home décor, and related products since at least as early as 2007, and luxury hotel and resort lodging services since at least as early as 2006.  Plaintiff offers a wide variety of COPPOLA-brand personal care products such as sunscreen, towels, clothing, notebooks, and luggage tags.  Plaintiff also provides and/or offers for sale a variety of luxury products at its hotels and resorts, including for example shampoos, conditioners, soaps, and lotions.  FRANCIS FORD COPPOLA PRESENTS is described in Wikipedia as a "lifestyle brand created by Francis Ford Coppola, under which he markets goods from companies he owns or controls."  True and correct copies of representative samples of the product labels showing Plaintiff's use of the COPPOLA Brand are attached hereto as Exhibit A.

16.     The common element of each mark in the COPPOLA Family of Marks is the dominant use and/or display of COPPOLA—that is, the COPPOLA Brand.

17.     The following is a list of Plaintiff's trademark registrations that consist of or incorporate COPPOLA, which are marks registered with the USPTO, are members of the COPPOLA Family of Marks, and display the COPPOLA Brand (collectively, the "**COPPOLA Registrations**"):

| Mark | Registration No. | Int'l Class |
|------|------------------|-------------|
| COPPOLA | 4,630,555 | 33 |
| COPPOLA | 4,612,559 | 29, 30 |
| COPPOLA | 4,735,415 | 24 |
| COPPOLA | 4,735,416 | 30 |
| COPPOLA | 3,960,035 | 43 |
| FRANCIS COPPOLA | 2,150,945 | 33 |
| FRANCIS COPPOLA PRESENTS | 2,467,249 | 29, 30 |
| FRANCIS COPPOLA PRESENTS THE DIRECTORS SERIES | 2,721,301 | 34 |
| FRANCIS COPPOLA SELECTS | 2,702,129 | 30 |

| Mark | Registration No. | Int'l Class |
|------|------------------|-------------|
| FRANCIS COPPOLA SOFIA | 4,440,932 | 33 |
| FRANCIS FORD COPPOLA DIRECTOR'S CUT | 3,510,021 | 33 |
| FRANCIS FORD COPPOLA PRESENTS | 3,628,961 | 35 |
| FRANCIS FORD COPPOLA PRESENTS | 1,934,649 | 41 |
| FRANCIS FORD COPPOLA PRESENTS ROSSO & BIANCO | 3,571,511 | 35 |
| FRANCIS FORD COPPOLA PRESENTS ROSSO & BIANCO | 3,665,584 | 33 |
| FRANCIS FORD COPPOLA PRESENTS WINE FOOD ADVENTURE & Design | 3,628,962 | 35 |
| FRANCIS FORD COPPOLA PRESENTS WINE FOOD ADVENTURE & Design | 3,846,677 | 43 |
| FRANCIS FORD COPPOLA WINERY | 4,738,056 | 33 |
| SOFIA BLANC DE BLANCS FRANCIS COPPOLA & Design | 3,526,536 | 33 |
| SOFIA RIESLING MONTEREY COUNTY FRANCIS COPPOLA | 4,337,422 | 33 |
| SOFIA ROSÉ FRANCIS COPPOLA & Design | 3,526,537 | 33 |

18.     The above-described registrations are valid and subsisting in full force, unrevoked, and uncancelled.  True and correct copies of the registration certificates for the above marks are attached hereto as Exhibit B.

19.     Notably, Registration Nos.1934649, 2150945, 2467249, 2702129, 2721301, and 3510021 are incontestable pursuant to 15 U.S.C. § 1065.

20.     The COPPOLA Family of Marks also includes unregistered marks—such as the COPPOLA mark—in which Plaintiff claims common law trademark rights, including in California and throughout the United States.

21.     Plaintiff also owns the following applications for federal registration for marks that are members of the COPPOLA Family of Marks, and thus further support the COPPOLA Brand:

| Mark | Application No. | Int'l Class |
|------|-----------------|-------------|
| COPPOLA | 86/481,296 | 43 |
| COPPOLA | 86/481,287 | 18 |
| COPPOLA | 86/481,285 | 21 |
| COPPOLA | 86/481,295 | 34 |
| COPPOLA | 86/481,292 | 25 |

| Mark | Application No. | Int'l Class |
|------|---------------|-------------|
| COPPOLA | 86/481,284 | 16 |
| COPPOLA | 86/481,283 | 9 |
| COPPOLA | 86/481,282 | 6 |
| COPPOLA ROSSO & BIANCO | 85/576,727 | 33 |
| ELEANOR COPPOLA SELECTS | 86/320,132 | 29, 30 |
| THE FAMILY COPPOLA | 86/405,396 | 33 |

22.     True and correct copies of the trademark applications for the above marks are attached hereto as Exhibit C.

23.     Plaintiff has marketed, promoted, advertised, and sold goods and services under the COPPOLA Family of Marks together, prominently displaying the COPPOLA Brand in wineries, grocery stores, websites, restaurants, drug stores, wholesale warehouse stores, department stores, home-goods stores, and other venues.

24.     Plaintiff's COPPOLA Brand has been the subject of substantial promotion and unsolicited media attention, including without limitation coverage by and/or reference on abcnews.com, cbsnews.com, *The New York Times*, *Food & Wine*, *Entertainment Tonight*, the *Today Show*, the *Academy Awards*, *Wall Street Journal* News Hub, NewYorkLiveTV.com, Aspen Wine and Food Festival, Forbes.com, *Wall Street Journal* SpeakEasy blog, *Wine Spectator*, *Luxury Travel Magazine*, *Eluxe Magazine*, and the *Los Angeles Times*.  In 2014 alone, this unsolicited media garnered over 2.7 billion impressions.  Further, sales of goods bearing the COPPOLA Brand throughout the nation have been in the billions of dollars since 1996.  Such promotion, media attention, and sales render the COPPOLA Family of Marks distinctive and famous, as each member of the COPPOLA Family of Marks incorporates the word COPPOLA to signal to consumers that the mark is a member of the COPPOLA Family of Marks and comes from the same source.  For the same reason, Plaintiff's COPPOLA trademark has garnered significant secondary meaning.

25.     The distinctiveness of the COPPOLA Brand is evidenced by its widespread secondary meaning in the marketplace.  Plaintiff has expended significant time, money, and efforts in promoting its COPPOLA Brand, including joint marketing and sales of goods and services sold under the various members of the COPPOLA Family of Marks.  The use of the COPPOLA Brand in each

1  member of the COPPOLA Family of Marks, as well as the combined promotion and offering for sale

2  of various luxury goods and services that contain the COPPOLA Brand, conveys to consumers a

3  common source and that the mark is a member of the valuable and famous COPPOLA Family of

4  Marks. *See* <u>Exhibit A</u>.

5        26.     Plaintiff's COPPOLA Brand is famous, well-known, and valuable in the food, wine,

6  luxury good, and hospitality industries. Due to the national advertisement and promotion of the

7  COPPOLA Brand and the COPPOLA Family of Marks, consumers nationwide have come to

8  recognize the COPPOLA Brand and the COPPOLA Family of Marks as symbolizing the goodwill

9  inherent in these marks and associate these marks solely with Plaintiff and its high quality products

10 and services.

11       27.     Plaintiff's COPPOLA Brand and COPPOLA Family of Marks have also received

12 considerable favorable press and media attention.

13       28.     Plaintiff vigorously polices its COPPOLA Brand and COPPOLA Family of Marks and

14 enforces its rights therein.

15 B.     **Defendants' Infringement of the COPPOLA Brand and Dilution of the COPPOLA**

16 **Family of Marks**

17       29.     Well after Plaintiff's first use of the COPPOLA Brand in the United States,

18 Defendants began promoting and selling hair care products which predominantly feature COPPOLA

19 as the brand name.

20       30.     Upon information and belief, Defendants had previously used the brand name PETER

21 COPPOLA, making equally prominent use of "PETER" and "COPPOLA" on and in connection with

22 Defendants' hair care products.

23       31.     Upon information and belief, Defendants recently amended their product labels,

24 packaging, and promotional and advertising materials for their hair care products by minimizing their

25 use of "PETER" and emphasizing "COPPOLA" as the stand-alone brand of their hair care products

26 and/or using "COPPOLA" as the stand-alone brand without any reference to "PETER." True and

27 correct copies of representative samples of the product labels and a screenshot of a Google Ad

28 showing Defendants' use of the Infringing COPPOLA Mark are attached hereto as <u>Exhibit D</u>.

32.     On or around April 10, 2014, PCB filed a United States Trademark Application for the Infringing COPPOLA Mark based on use in commerce in connection with "hair care preparations." A true and correct copy of PCB's COPPOLA trademark application is attached hereto as Exhibit E.

33.     Upon learning of the application, on August 5, 2014, Plaintiff advised Defendants in writing of its prior and senior rights in the COPPOLA Family of Marks.

34.     On March 24, 2015, Plaintiff filed an opposition against Defendant PCB's United States Trademark Application for the Infringing COPPOLA Mark with the TTAB.

35.     On July 30, 2015, PCB filed with the TTAB an express withdrawal of its application for the Infringing COPPOLA Mark, and judgment will be entered for Plaintiff.  A true and correct copy of the Applicant's Withdrawal of Application is attached hereto as Exhibit F.

36.     Notwithstanding PCB's withdrawal of its application to register the Infringing COPPOLA Mark, and despite Plaintiff's objection and actual notice of Plaintiff's prior senior rights, Defendants continue to use the Infringing COPPOLA Mark.

37.     The Infringing COPPOLA Mark is identical in appearance, meaning, and overall commercial impression to Plaintiff's COPPOLA Brand and COPPOLA Family of Marks.  Indeed, the Infringing COPPOLA Mark consists entirely of the word "Coppola," which is identical and confusingly similar to Plaintiff's COPPOLA Brand.

38.     Defendants' use of the Infringing COPPOLA Mark creates a similar commercial impression to Plaintiff's COPPOLA Brand.  Consumers are accustomed to seeing the COPPOLA Brand used by Plaintiff in connection with the marketing and sale of a wide variety of wine, food, hotel and restaurant services, and related products and services.  Likewise, consumers are accustomed to seeing Plaintiff's COPPOLA-brand products in a variety of venues including, for example, in grocery, drug, and department stores such as Safeway, CVS, Walgreens, and Target—the same venues at and through which Defendants sell their hair care products under the Infringing COPPOLA Mark.  These consumers are likely to assume that the products and services sold under the Infringing COPPOLA Mark—which is used on hair care products closely related to Plaintiff's hospitality services and commercially related to the luxury products shampoos, conditioners, soaps, and lotions provided and/or offered for sale at Plaintiff's hotels and resorts—is associated with Plaintiff's

COPPOLA Brand, as well as the goods and services that display it.

39.     Defendants began using the Infringing COPPOLA Mark in connection with hair care products in commerce in the United States subsequent to Plaintiff's use of its famous and distinctive COPPOLA Brand in commerce in the United States.  As set forth in Paragraphs 1 and 15 above, Plaintiff began using the COPPOLA Brand in connection with wine since at least as early as 1990, and in connection with a variety of related goods and services beginning shortly thereafter, and has a long history of expanding its offering of goods and services.  Plaintiff is therefore the prior and senior user of the COPPOLA Brand.  Plaintiff's federal registration of the trademarks set forth in Paragraph 17 above, as well as Plaintiff's written correspondence set forth in Paragraph 33 above, provided notice to Defendants of Plaintiff's rights in the COPPOLA Brand and the COPPOLA Family of Marks under the Lanham Act, such that Defendants' continued use of the Infringing COPPOLA Mark constitutes willful infringement of Plaintiff's rights.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement, 15 U.S.C. § 1114)

### (Against all Defendants)

40.     Plaintiff hereby incorporates by reference as though fully set forth herein paragraphs 1 through 39, inclusive.

41.     For nearly twenty five years, Plaintiff has developed and continuously used the COPPOLA Family of Marks.  The COPPOLA Family of Marks includes the federal trademark registrations shown in Exhibit B hereto, and the concomitant use of such registered trademarks. Common to all members of the COPPOLA Family of Marks is the incorporation of the word COPPOLA, which is also known as the COPPOLA Brand.

42.     By virtue of its ownership of the COPPOLA Family of Marks (each of which incorporates the COPPOLA Brand), Plaintiff owns a valid and protectable interest in the COPPOLA Brand.

43.     The COPPOLA Brand is distinctive, famous, and has acquired secondary meaning as described above in, *inter alia*, Paragraphs 15 through 28.

44.     Through the joint promotion, advertisement, marketing, and sale of goods and services

that display marks in the COPPOLA Family of Marks, the consuming public has come to recognize that the COPPOLA Brand indicates a common origin of goods and services.

45.     Upon information and belief, Defendants exercised joint ownership and control over Defendants' hair care products advertised and sold under the Infringing COPPOLA Marks, have acted in concert and participated in the decision to use the Infringing COPPOLA Mark to identify their hair care products, and have intentionally induced, cooperated, lent aid, and encouraged use of the Infringing COPPOLA Mark.  Such actions constitute use of colorable imitations of Plaintiff's COPPOLA Brand in connection with the advertising or sale of unauthorized goods in commerce. This conduct creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products by Plaintiff.  Defendants' conduct is likely to induce consumers to believe, contrary to fact, that their hair care products are sponsored, endorsed, approved by, or connected with Plaintiff and/or that the Infringing COPPOLA Mark is a member of Plaintiff's COPPOLA Family of Marks.

46.     Defendants' conduct is without Plaintiff's permission or authority.  In fact, Plaintiff has advised Defendants in writing of its prior and senior rights in the COPPOLA Family of Marks. As a result, Defendants have committed their infringement with full knowledge of Plaintiff's rights in the COPPOLA Brand and COPPOLA Family of Marks.  Thus, Defendants have willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Plaintiff and to deceive the public.

47.     Defendants' conduct has been and is being committed with the intent and purpose of appropriating and trading upon the goodwill and reputation associated with Plaintiff's COPPOLA Brand.  Such acts have damaged, impaired, and diluted that part of Plaintiff's goodwill symbolized by its famous COPPOLA Brand, to Plaintiff's immediate and irreparable harm.

48.     Defendants' unauthorized use of the Infringing COPPOLA Mark, which is confusingly similar to Plaintiff's COPPOLA Family of Marks, in connection with and to identify their hair care products constitutes trademark infringement in violation of 15 U.S.C. § 1114.  Upon information and belief, Defendants, and each of them, have profited from this infringement and have

declined to exercise their rights to stop such infringement.

49.     This is an exceptional case under 15 U.S.C. § 1117(a).

50.     Defendants' conduct has caused damage to Plaintiff in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the COPPOLA Brand and the COPPOLA Family of Marks, for which there is no adequate remedy at law.

51.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Infringing COPPOLA Mark, or any mark confusingly similar to Plaintiff's COPPOLA Brand and/or COPPOLA Family of Marks for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

## SECOND CLAIM FOR RELIEF

**(Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))**

**(Against all Defendants)**

52.     Plaintiff hereby incorporates by reference as though fully set forth herein paragraphs 1 through 51, inclusive.

53.     Upon information and belief, Defendants exercised joint ownership and control over Defendants' hair care products advertised and sold under the Infringing COPPOLA Marks, have acted in concert and participated in the decision to use the Infringing COPPOLA Mark and/or marks confusingly similar to Plaintiff's COPPOLA Brand and/or COPPOLA Family of Marks to identify their hair care products, and have intentionally induced, cooperated, lent aid, and encouraged use of the Infringing COPPOLA Mark.  Such actions constitute use in commerce of certain words, names, and false designations of origin in connection with the sale and advertising of unauthorized goods and services.  This conduct creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products by Plaintiff.  Defendants' conduct is likely to induce consumers to believe, contrary to fact, that their hair care products are sponsored, endorsed, approved by, or connected with

Plaintiff and/or that the Infringing COPPOLA Mark is a member of Plaintiff's COPPOLA Family of Marks.

54.     Defendants' conduct is without Plaintiff's permission or authority.  In fact, after Defendant PCB filed its trademark application for the Infringing COPPOLA Mark, Plaintiff advised Defendants in writing of its prior and senior rights in the COPPOLA Family of Marks. Notwithstanding, Defendants continue using the Infringing COPPOLA Mark.  As a result, Defendants have committed their infringement with full knowledge of Plaintiff's rights in the COPPOLA Brand and the COPPOLA Family of Marks.  Thus, Defendants have willfully, deliberately, and maliciously engaged in the described acts with an intent to compete unfairly with Plaintiff and to deceive the public.

55.     Defendants' use of the Infringing COPPOLA Mark without authority from Plaintiff in connection with and to identify Defendants' goods, where the Infringing COPPOLA Mark is confusingly similar to Plaintiff's COPPOLA Brand and COPPOLA Family of Marks, constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).  Upon information and belief, Defendants, and each of them, have profited from this activity and have declined to exercise their rights to stop it.

56.     This is an exceptional case under 15 U.S.C. § 1117(a).

57.     Defendants' conduct has caused damage to Plaintiff in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the Plaintiff's COPPOLA Brand and COPPOLA Family of Marks, for which there is no adequate remedy at law.

58.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Infringing COPPOLA Mark, or any mark confusingly similar to Plaintiff's COPPOLA Brand and/or COPPOLA Family of Marks for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

### THIRD CLAIM FOR RELIEF

**(Federal Trademark Dilution of the COPPOLA Family of Marks, 15 U.S.C. § 1125(c))**

**(Against all Defendants)**

59.     Plaintiff hereby incorporates by reference as though fully set forth herein paragraphs 1 through 58, inclusive.

60.     The COPPOLA Brand, as the distinguishing and dominant element of the COPPOLA Family of Marks, is "famous" within the meaning of the Lanham Act and is distinctive by virtue of its inherent and acquired distinctiveness, its extensive use, its prominence in intended and unsolicited media attention, and its publicity.  As a result of the substantial inherent and acquired distinctiveness and widespread use, the COPPOLA Brand and thus the COPPOLA Family of Marks is strong and has become widely respected as a symbol for the goods and services it represents.

61.     Upon information and belief, Defendants exercised joint ownership and control over Defendants' hair care products advertised and sold under the Infringing COPPOLA Mark, have acted in concert and participated in the decision to use the Infringing COPPOLA Mark to identify their hair care products, and have intentionally induced, cooperated, lent aid, and encouraged use of the Infringing COPPOLA Mark, as alleged above, after the COPPOLA Brand and COPPOLA Family of Marks became famous.

62.     Upon information and belief, Defendants' hair care products advertised and sold under the Infringing COPPOLA Mark are of inferior quality.  By associating its products with Plaintiff, Defendants' use of the Infringing COPPOLA Mark is likely to cause tarnishment by diminishing the reputation and positive image associated with Plaintiff's famous COPPOLA Brand and COPPOLA Family of Marks.  Defendants' hair care products advertised and sold under the Infringing COPPOLA Mark also chip away at the distinctiveness of Plaintiff's famous COPPOLA Brand and COPPOLA Family of Marks, thus diluting those marks through blurring.

63.     Defendants' conduct is without Plaintiff's permission or authority.  Defendants engaged in such conduct knowingly, deliberately, and willfully with the intent to trade on Plaintiff's reputation, fame, and goodwill and to dilute the COPPOLA Brand and COPPOLA Family of Marks.

64.     Defendants' unauthorized use of the Infringing COPPOLA Mark in connection with

and to identify their hair care products is likely to injure Plaintiff.  Defendants' conduct has diluted and is likely to continue to dilute the COPPOLA Brand and COPPOLA Family of Marks through blurring and/or tarnishment in violation of 15 U.S.C. § 1125(c).  Upon information and belief, Defendants, and each of them, have profited from this activity and have declined to exercise their rights to stop it.

65.    This is an exceptional case under 15 U.S.C. § 1117(a).

66.    Defendants' conduct has caused damage to Plaintiff in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair the value of Plaintiff's COPPOLA Brand and COPPOLA Family of Marks, for which there is no adequate remedy at law.

67.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Infringing COPPOLA Mark or any mark that is confusingly similar to Plaintiff's COPPOLA Brand and/or COPPOLA Family of Marks, or that dilutes the distinctive quality of Plaintiff's COPPOLA Brand, either through blurring or tarnishment, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (State Unfair Competition, Cal. Bus. & Prof. Code § 17200)

### (Against all Defendants)

68.    Plaintiff hereby incorporates by reference as though fully set forth herein paragraphs 1 through 67, inclusive.

69.    Defendants' conduct alleged herein constitutes trademark infringement, false designation of origin, and dilution under 15 U.S.C. §§ 1051 *et seq*.  Defendants' conduct thus constitutes willful and deliberate unfair competition in wanton disregard of Plaintiff's valuable intellectual property rights.  Upon information and belief, Defendants, and each of them, have profited from this infringement and have declined to exercise their rights to stop such infringement.

70.    Defendants' conduct has directly and proximately caused and will continue to cause Plaintiff substantial and irreparable injury, including customer confusion, injury to its reputation, and

diminution in value of its intellectual property, and unless restrained, will continue to seriously and irreparably impair further the value of Plaintiff's COPPOLA Brand and COPPOLA Family of Marks, for which there is no adequate remedy at law.

71.    In light of the foregoing, Plaintiff is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 *et seq.* restraining Defendants from engaging in further such unlawful conduct, as well as to restitution of those amounts unlawfully obtained by Defendants through their wrongful conduct.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

### (Against all Defendants)

72.    Plaintiff hereby incorporates by reference as though fully set forth herein paragraphs 1 through 71, inclusive.

73.    Defendants' activities alleged herein have violated Plaintiff's trademark rights under the common law.  Upon information and belief, Defendants, and each of them, have profited from this infringement and have declined to exercise their rights to stop such infringement.

74.    As a direct result of Defendants' actions, Defendants have been unjustly enriched through fraudulent conversion to their own profits of Plaintiff's goodwill and its rights in the COPPOLA Brand and COPPOLA Family of Marks, and upon information and belief have caused Plaintiff to lose sales of its genuine products and services.

75.    Defendants' conduct has caused damage to Plaintiff in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the COPPOLA Brand and COPPOLA Family of Marks, for which there is no adequate remedy at law.

76.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Infringing COPPOLA Mark, or any mark confusingly similar to Plaintiff's COPPOLA Brand and/or COPPOLA Family of Marks for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result thereof, as well as the costs of this action.

**COMPLAINT**

### SIXTH CLAIM FOR RELIEF

#### (Common Law Unfair Competition)

#### (Against all Defendants)

77.     Plaintiff hereby incorporates by reference as though fully set forth herein paragraphs 1 through 77, inclusive.

78.     Upon information and belief, Defendants exercised joint ownership and control over Defendants' hair care products advertised and sold under the Infringing COPPOLA Marks, have acted in concert and participated in the decision to use the Infringing COPPOLA Mark and/or marks confusingly similar to Plaintiff's COPPOLA Brand and/or COPPOLA Family of Marks to identify their hair care products, and have intentionally induced, cooperated, lent aid, and encouraged use of the Infringing COPPOLA Mark.  Defendants' conduct alleged herein constitutes use of colorable imitations of Plaintiff's COPPOLA Brand in connection with the advertising or sale of unauthorized goods in commerce.  These activities create a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.  Defendants' conduct is likely to induce consumers to believe, contrary to fact, that Defendants' goods and services are sponsored, endorsed, approved by, or connected with Plaintiff and/or that the Infringing COPPOLA Mark is a member of Plaintiff's COPPOLA Family of Marks.

79.     Defendants' conduct is willful, deliberate, and intended to confuse the public and injure Plaintiff.  Further, Defendants' conduct is oppressive and malicious in that it is intended to injure Plaintiff and is carried on by Defendants with a willful and conscious disregard of the rights of others.

80.     Defendants' conduct constitutes unfair competition under California common law.

81.     Defendants' conduct has caused damage to Plaintiff in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of Plaintiff's COPPOLA Brand and COPPOLA Family of Marks, for which there is no adequate remedy at law.  Upon information and belief, Defendants, and each of them, have profited from this activity and have declined to exercise their rights to stop it.

82.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Infringing COPPOLA Mark, or any mark confusingly similar to Plaintiff's COPPOLA Brand and/or COPPOLA Family of Marks for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result thereof, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against Defendants as follows:

1.     For a preliminary and permanent injunction:

a.     Pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendants and their agents, affiliates, employees, and all persons in active concert or participation with them, from directly or indirectly using the Infringing COPPOLA Mark, or any colorable imitation of Plaintiff's COPPOLA Brand or COPPOLA Family of Marks, or any other designation that infringes or dilutes the COPPOLA Brand and/or COPPOLA Family of Marks, or any of them, in any manner;

b.     Pursuant to 15 U.S.C. § 1118, ordering that all labels, signs, prints, business cards, stationery, packages, wrappers, receptacles, websites, promotional materials, brochures, manuals, educational materials, and advertisements bearing the Infringing COPPOLA Mark or any colorable imitation thereof, or any other designation that infringes or dilutes the COPPOLA Brand or COPPOLA Family of Marks, be delivered up and destroyed; and

2.     Ordering Defendants to file with this Court and serve upon Plaintiff within 15 days after issuance of any injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

3.     Ordering Defendants to account to Plaintiff for any and all profits derived by Defendants from the use of the Infringing COPPOLA Mark, or any names or marks confusingly similar to Plaintiff's COPPOLA Brand and/or COPPOLA Family of Marks, and for all damages sustained by Plaintiff by reason of Defendants' acts of infringement, false designation of origin, dilution, unfair competition, and injury to business reputation complained of in this complaint, and that such amounts be held in constructive trust for Plaintiff;

1    4.    That the Court award Plaintiff:

2         a.    All profits derived by Defendants' wrongful acts complained of herein;

3         b.    All damages sustained by reason of the wrongful acts complained of herein;

4         c.    Treble the amount of actual damages suffered by Plaintiff under 15 U.S.C.

5    § 1117;

6         d.    Restitution for Defendants' unfair business practices pursuant to Cal. Bus. &

7    Prof. Code §§ 17200 *et seq.*;

8         e.    Punitive and exemplary damages against Defendants and in favor of Plaintiff

9    in an amount sufficient to deter and punish Defendants for their willful and wrongful acts;

10        f.    Its costs incurred in this action;

11        g.    Its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

12        h.    Pre-judgment and post-judgment interest; and

13    5.    Such other and further relief as this Court deems just and proper.

14

15                                        K&L GATES LLP

16

17    Dated: August 14, 2015           By:    _Susan Hollander_

18                                           Susan E. Hollander
                                             Seth A. Gold
19                                           Sharoni S. Finkelstein

20                                        Attorneys for GMYL, L.P.

21

22

23

24

25

26

27

28

**COMPLAINT**

1

## **JURY DEMAND**

2        Plaintiff GMYL, L.P. hereby demands a jury trial for all issues triable by a jury.

3

4                                              K&L GATES LLP

5    Dated:  August 14, 2015                   By:  _Susan Hollander_

6                                              Susan E. Hollander
                                               Seth A. Gold
7                                              Sharoni S. Finkelstein

8                                              Attorneys for GMYL, L.P.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28