UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMYL, L.P.,<br><br>                Plaintiff,<br><br>        v.<br><br>PETER COPPOLA BEAUTY LLC, et al.,<br><br>                Defendants. | Case No.  15-cv-03724-VC<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT, SETTING ASIDE DEFAULT, GRANTING MOTION TO STRIKE, AND DENYING MOTION TO EXTEND TIME**<br><br>Re: Dkt. Nos. 58, 62, 69 |

"Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  Despite Peter Coppola's baffling and inexcusable failure to appear previously, it now appears possible for GMYL to resolve its case against him on the merits: Coppola has finally appeared and filed a putative answer to the complaint, and seems ready to proceed with this litigation.

The *Eitel* factors confirm that default judgment is inappropriate here.  Although the intransigence of Coppola and his Florida counsel has delayed the litigation and created some "possibility of prejudice to the plaintiff," *Eitel*, 782 F.2d at 1471, this possibility can be mitigated by proceeding expeditiously with the litigation now.  In addition, any financial prejudice to the plaintiff as a result of the intransigence of Coppola and his Florida counsel could potentially be remedied by sanctions.  And although Coppola's default was not "due to excusable neglect," *id.* at 1472, this is just one factor among many.

Meanwhile, "the merits of [the] plaintiff's substantive claim," "the sufficiency of the complaint," and (relatedly) "the possibility of a dispute concerning material facts," *id.* at 1471-72, all weigh against default judgment.  The complaint alleges that GMYL uses its "COPPOLA" mark to sell "premium wine" and "related goods including gourmet Italian food products, wine accessories, home décor, and personal products."  Complaint ¶1.  But the defendants aren't alleged to have sold wine, gourmet Italian food products, wine accessories, or home décor: they're alleged to have sold hair care products.  And while the complaint also alleges that GMYL runs "hotels and resorts where [it] also provides and/or offers for sale a variety of luxury products including shampoos, conditioners, soaps, and lotions," Complaint ¶1, the fact that these hair care products are only alleged to be sold at GMYL's own "hotels and resorts" seems to minimize the likelihood of confusion with the defendants' products sold elsewhere.  In this light, it is not clear that there is a reasonable likelihood of confusion between GMYL's products and the defendants' products.  Additionally, though the complaint alleges that Peter Coppola's companies "have shifted from the trademark known as 'PETER COPPOLA' to a trademark that emphasizes just the word 'COPPOLA,'" the nature and significance of this shift in "emphasis" seems likely to give rise to disputes of material fact.

Combined with "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," *Eitel*, 782 F.2d at 1472, this means that four of the *Eitel* factors weigh against entry of default judgment.  Accordingly, GMYL's motion for default judgment is denied.

It's not clear why Peter Coppola has not yet moved to set aside the Clerk's entry of default against him.  But there is no point in delaying this litigation any further, and the Court can set aside an entry of default sua sponte.  *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385-86 (7th Cir. 2008); *Investcorp Ret. Specialists, Inc. v. Ohno*, No. 07-cv-1304-RMW, 2007 WL 2462122, at *2 (N.D. Cal. Aug. 28, 2007); *cf. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351-52 (9th Cir. 1999).  The Court would be within its discretion to refuse to set aside the default here, because it was caused by Peter Coppola's

culpable conduct. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004).  But the Court would also be within its discretion to set aside the default, because (as discussed above) Coppola may well have a meritorious defense to the complaint, and GMYL will not be further prejudiced if this litigation proceeds expeditiously now.  *See id.*  Because default judgment is inappropriate here, and it would be counterproductive to let Peter Coppola remain in default without entering default judgment against him, the Court exercises its discretion to set aside the entry of default.

The unopposed motion to strike Peter Coppola's answer is granted.  And because the Court has denied GMYL's motion for default judgment, Peter Coppola's motion for an extension of time to respond to GMYL's motion for default judgment is denied as moot.

**IT IS SO ORDERED.**

Dated: May 6, 2016

_____

VINCE CHHABRIA
United States District Judge