UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMYL, L.P.,<br><br>        Plaintiff,<br><br>    v.<br><br>COPOMON ENTERPRISES, LLC,<br><br>        Defendant. | Case No. 15-cv-03724-VC (MEJ)<br><br>**ORDER GRANTING MOTIONS TO SEAL AND GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 92 |

## INTRODUCTION

On June 16, 2016, Plaintiff GMYL, L.P. ("Plaintiff") filed a Motion for Sanctions against Defendant Peter Coppola Beauty LLC ("Defendant"), asking Defendant and its counsel be sanctioned for conduct that occurred during a settlement conference conducted by the undersigned. Dkt. No. 92. Defendant filed an Opposition (Dkt. No. 93-3), which it moved to file under seal (Def.'s Mot. to Seal, Dkt. No. 93). Plaintiff filed a Reply (Dkt. No. 97), portions of which it also moved to file under seal (Pl.'s Mot. to Seal, Dkt. No. 96). This Order addresses both parties' Motions to File Under Seal, as well as Plaintiff's Motion for Sanctions.[1] Having considered the parties' arguments and the relevant legal authority, the Court **GRANTS** both Motions to Seal and **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Sanctions.

**A.    Motions to Seal**

Defendant moved to seal its opposition to the Motion for Sanctions ("Opp'n") and the Declaration of Michael B. Chesal ("Chesal Decl.") in support of same. Dkt. No. 93. The Motion

---

[1] On August 3, 2016, the presiding judge in this matter dismissed Defendant from the action pursuant to the parties' stipulation. Dkt. No. 100. The dismissal does not moot Plaintiff's Motion for Sanctions or the Parties' Motions to Seal. *Id.* at 3.

1    to Seal is premised on ADR Local Rule 7-4(a), which prohibits disclosure of confidential
2    information from a settlement conference. Local Rule 7-4(a) defines "confidential information" as
3    "the contents of any written settlement conference statements, anything that was said, any position
4    taken, and any view of the merits of the case expressed by any participant in connection with any
5    settlement conference." *Id.*² Plaintiff moved to file portions of its reply brief under seal on the
6    same ground. Dkt. No. 96. The materials the parties seek to file under seal fall within the
7    definition of "confidential information" articulated in ADR Local Rule 7-4(a). Given the broad
8    prohibition on disclosing confidential information connected to settlement conferences, there is
9    good cause to file the documents under seal. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665,
10   678 (9th Cir. 2010) ("good cause" standard applies when parties seek to seal materials filed in
11   connection with non-dispositive motions); L.R. 79-5(b). The parties' requests for a sealing order
12   therefore are granted.³

### B. Plaintiff's Motion for Sanctions

14   Courts have the inherent authority to issue sanctions for "(1) willful violation of a court
15   order; or (2) bad faith." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir.
16   2012) (citing *Fink v. Gomez*, 239 F.3d 989, 991–93 (9th Cir. 2001)); *see also Chambers v.
17   NASCO, Inc.,* 501 U.S. 32, 40-46 (1991) (courts may impose monetary sanctions "for willful
18   disobedience of court order" in order to deter abuse of judicial process; moreover, "a court may
19   assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive
20   reasons."). Bad faith conduct includes interfering with the enforcement of a court order. *See
21   Siebert v. Gene Security Network, Inc*., 2014 WL 5808755, at *2 (N.D. Cal. Nov. 6, 2014) (citing
22   *Chambers*, 501 U.S. at 46).

23   In its order scheduling the settlement conference, the Court explicitly required lead trial
24   counsel and, for any party who is not a natural person, "the person(s) with **unlimited** authority to

---

² ADR Local Rule 7-4(b) nonetheless does not prohibit limited disclosures "necessary to preserve the court's capacity to enforce lawful orders or to discipline contumacious conduct." The Court accordingly discloses the basis for its issuance of sanctions.

³ By this Order, the Court does not suggest Plaintiff's failure to request to seal its Motion for Sanctions was inappropriate or would be "actionable" (*see* Opp'n at 1, n.1).

negotiate a settlement," to attend a settlement conference beginning at 10:00 a.m. on May 17, 2016. Scheduling Order, Dkt. No. 54 at 1-2 (emphasis in original); *see also* ADR L.R. 7-3(a). The Scheduling Order emphasized "[p]arties may only be excused from attending the settlement conference in person upon written authorization from Magistrate Judge James. Any such request must be filed as a motion and proposed order at least 14 days in advance of the conference." *Id*. The Court also informed the parties that it is "not unusual" for a conference to last upwards of three hours. *Id*. at 1.

The parties and their attorneys appeared for the settlement conference. According to defense counsel, "[a]round 1:30pm, when it appeared that the parties were at an impasse, [Defendant's corporate representative] Mr. Davidson informed me that because the parties could not reach an agreement he did not believe it was necessary to reschedule his return flight to New York and Mr. Davidson left for the airport." Chesal Decl. ¶ 5. Neither Mr. Davidson nor his counsel informed the Court of Mr. Davidson's unilateral decision before he left for the airport, much less sought permission from the Court to be excused from the settlement conference. Defense counsel represented to the Court and to Plaintiff that Mr. Davidson had left him with full authority to settle "so long as Plaintiff agreed with certain specified use restrictions with respect to the PETER COPPOLA mark." *Id*. ¶ 6. Thus, Defendant's counsel did not have "unlimited authority" to negotiate the settlement, but was bound by certain parameters imposed by his now-absent client. An hour or so later, the parties reached an agreement and executed a settlement term sheet summarizing the general terms of settlement. *Id*. ¶ 7. Counsel for Defendant offered a clarification on the record regarding the terms. *Id*. ¶ 9. The parties then spent several more weeks negotiating the settlement before entering into a stipulated order of dismissal. *See* Dkt. No. 99.

Mr. Davidson's unilateral and unexcused decision to leave the settlement conference (1) constitutes a violation of this Court's Scheduling Order, and (2) was in bad faith. Allowing Mr. Chesal to continue negotiations when he did not have **unlimited** authority to bind his client did not cure the violation.

Pursuant to its inherent authority, the Court accordingly sanctions Mr. Davidson in the amount of $2,760, the fees Plaintiff incurred at the May 17, 2016 settlement conference after Mr.

3

Davidson's departure.  The Court DENIES Plaintiff's request to recover the $14,078 in fees it incurred in negotiating and finalizing the terms of the settlement agreement thereafter.  The Court also DENIES Plaintiff's request to sanction Defendant's counsel pursuant to 28 U.S.C. § 1927.

**IT IS SO ORDERED.**

Dated: August 10, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge